McFarland, J'.,
delivered the opinion of tbe court.
An action of trespass quare clausum fregit. When the cause was here at a former term [6 Bax., 340], it was beld tbat the plaintiff was not entitled to recover by way of aggravation of the damages for an injury inflicted by an assault upon bis person at the same time, because it was not specially averred in the declaration. "When the cause was remanded leave was obtained and an amended declaration was filed, averring the personal assault as special damage, but both declarations are here in the form of trespass quare clausum fregit.
To the amended declaration the defendant filed two pleas of the statute of limitations, and that they were not guilty of the wrongs, etc., within three years next before the fifing *422 of the amended, declaration. The. other that they were not guilty of the wrongs within one year next before the filing of the amended declaration. The court overruled a demurrer to these pleas, and the plaintiff declining to reply, the suit was dismissed.
The principle of the cases of Crofford v. Cothran and Niel, 2 Sneed [492], and Flatley, Adminstrator, v. The M. & C. R. R. Co. MS. [since reported,in 9 Heis., 230-see pp. 234-7], does not sustain the court below. Where an amendment is made changing the form of action or changing the parties or nature of the action, the change shall not be allowed to deprive the defendant of his defense, which would otherwise have been complete under the statute of limitations, but in regard to the statute of limitations the amendment shall be regarded as the commencement of a new action. This will be illustrated by a reference to the cases referred to.
In the present case the form and nature of the action was not changed. It is and was still an action of trespass quare clausum fregit. Whether the amendment was proper or not, we do not determine, nor whether the plaintiff on the hearing should recover as part of the damages the injury resulting from the personal assault.
Certainly as to the trespass to the realty, the amended declaration was not a new action. The pleas were to' the whole declaration, and was no answer thereto. If the statute is a. bar to a recovery for the new element of damages introduced, it certainly could not defeat a recovery for the trespass to' the realty, for-as to this there had been no change. The pleas were not confined to that part of the amended declaration averring the personal assault.
But we by no means intimate that a recovery cannot be had under the amendment for the personal injuries as special damages.
The judgment will be reversed and the demurrer sustained, and the cause remanded.